THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| REED K. CHRISTENSEN, next friend of persons under 18 years of age; A.C., L.C., and R.C., | ) ) ) ) | Case No. 1:13CV00093 DS |
| Petitioner, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| STATE OF UTAH, | ) | |
| Respondent. | ) ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.  INTRODUCTION

Reed K. Christensen, proceeding *pro se*, has filed a Petition pursuant to 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Although the Petition is couched in terms of addressing the rights of three referenced minor children, the essence of it is that the State of Utah improperly terminated Mr. Christensen's parental rights with regard to those three minor children in violation of his rights under the United States Constitution.[1]

---

[1] Prior to filing this action Mr. Christensen appealed the lower court decision to both the Utah Court of Appeals and the Utah Supreme Court which denied relief.

## II. Discussion

**A. Court lacks subject matter jurisdiction over petition.**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court....".

Habeas corpus relief is not available to challenge state courts' decisions regarding child custody and parental rights. *Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 510-12 (1982)(noting that "federal habeas has never been available to challenge parental rights or child custody" and that the "'custody' of foster or adoptive parents over a child is not the type of custody" that can be challenged through a 2254 petition, the Court declined to extend habeas jurisdiction to a mother's petition challenging a state court's termination of her parental rights); *see also Roman-Nose v. New Mexico Dep't of Human Servs.*, 967 F.2d 435,436 (10th Cir. 1992)(citing *Lehman* for the proposition that state-court judgment involuntarily terminating parental rights cannot be collaterally attacked by way of federal habeas corpus petition).

Moreover, Petitions under 28 U.S.C. § 2254 involve "challenges to state-court judgments in situations where-as a result of a

state-court criminal conviction-a petitioner has suffered substantial restraints not shared by the public generally." *Lehman*, 458 U.S. at 510.  No such situation is presented here.  Mr. Christensen is not challenging the legality of any state criminal conviction or sentence, and he is not challenging the fact or duration of any current confinement.  The right Mr. Christensen seeks to protect is not any right of the children.  Rather, he seeks to challenge a state court judgment relating to the termination of his parental rights which has no custodial effect on him.  "[F]ederal district courts lack subject matter jurisdiction to consider a petition under § 2254 unless the petitioner is ' "in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Neiberger v. Rudek*, 450 Fed. Appx. 719, 723 (10th Cir. 2011)(quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).

Because Mr. Christensen has not presented any claim that can properly be entertained in a federal habeas corpus proceeding, this Court lacks subject matter jurisdiction over his habeas corpus petition and it must be dismissed.

**B. Petitioner has no viable action under 42 U.S.C. § 1983.**

Pro se complaints are liberally construed.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Therefore, when a pro se litigant labels a complaint seeking relief from alleged constitutional violations as a habeas corpus petition, a court may treat it as a civil rights

3

action. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Even if the Court construed Mr. Christensen's allegations as an attempt to state claims for relief under 42 U.S.C. § 1983[2], dismissal is still warranted.

The Rooker-Feldman doctrine prohibits a losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)(quoting *Johnson v. DeGrandy*, 512 U.S. 997 (1994)). The doctrine applies to suits filed after state proceedings are final. *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006). The doctrine is not limited to actions in federal court that explicitly seek review of a state court decision, but also bars jurisdiction over claims that are "'inextricably intertwined' with the state court's judgment." *Mann v. Boatright*, 477 F.3d 1140, 1147 (10th Cir. 2007)(quoting *Exxon-Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284(2005)), *cert. denied*, 552 U.S. 1098 (2008).[3]

---

[2]Section 1983 provides a cause of action for constitutional or statutory violations committed by a person acting under color of state law. 42 U.S.C. § 1983.

[3]A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it or if the relief requested in the federal action would effectively reverse the state court decision or void it ruling. *See Pennzoil Co. v. Texaco Inc.* 481 U.S. 1, 25 (1987)(Marshall, J., concurring).

The allegations and injuries set forth by Mr. Christensen are directly traceable and intertwined with the state court judgment and he explicitly requests review and rejection of that judgment.[4] Stripped to its core, Mr. Christensen's allegations are nothing more than a collateral attack on the state court judgment terminating his parental rights. Because those allegations and his requests for relief are inextricably intertwined with the state court judgment and either expressly or implicitly would require this court to overturn the decision of the state court regarding the termination of his parental rights, consideration of his claims is precluded.

### III. CONCLUSION

Absent subject matter jurisdiction, Mr. Christensen's Petition must be dismissed.

IT IS SO ORDERED.

DATED this 19th day of July, 2013.

BY THE COURT:

*David Sam*

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[4] Mr. Christensen asks this Court to "stay ... [the state court] proceedings", "issue an order to show cause and order an evidentiary hearing" and "vacate the [state court] judgment". Pet. at 19.